## REILLY v. MERSKY.

(Supreme Court, Appellate Term, First Department. December 24, 1914.)

LANDLORD AND TENANT (§ 231*)—CONTINUANCE OF LETTING—BEGINNING OF TERM—EVIDENCE.

In an action for rent, evidence *held* to require a finding that the original letting was on June 4th, and not on June 1st, so that defendant's holding possession until the 4th of the month did not render him liable for the rent for that month.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 926–934; Dec. Dig. § 231.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Margaret Reilly against Adolf Mersky. From a Municipal Court judgment in favor of the plaintiff, defendant appeals. Reversed and dismissed.

Argued December term, 1914, before GUY, BIJUR, and PAGE, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Samuel A. Langfur, of New York City, for appellant.
Julius C. Feder, of New York City, for respondent.

GUY, J. The plaintiff sued the defendant for $30 rent for the month of September, 1914. The defendant moved from the premises after an occupancy of 2 years and 2 months, on September 4, 1914, and the only issue was whether the term of letting began on the 1st of the month, or on the 4th. The plaintiff testified that the defendant and her husband "came on May 30, 1912, and made a deposit of $5, and paid the balance of $25 the next day; that was Friday, the 31st day of May; Saturday was the 1st day of June, and that was to go on the rent." This is the only testimony tending to show that the term began on June 1st, and is insufficient to sustain the judgment.

It is not disputed that the defendant moved into the premises after June 1st; the plaintiff saying that it was on June 3d, and the defendant showing conclusively that it was on June 4th. The defendant and his wife testified that they visited the apartment on Sunday, June 2d, and wanted to pay plaintiff a deposit, but plaintiff refused to take it, saying, "You can pay me the next day," and plaintiff admitted that she was offered $5 on Sunday. The defendant also offered in evidence 26 checks, each of which is dated either upon the 4th or 5th of the month, and the implication to be drawn from these, together with the large preponderance of testimony on the part of the defendant showing that the term did not begin until the 4th of the month, renders a reversal necessary.

Judgment reversed, with costs, and complaint dismissed, with costs. All concur.